IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REASSURE AMERICA LIFE INSURANCE
COMPANY

Plaintiff

vs                                                              CIVIL 08-2350CCC

ALONSO SOBRINO HNOS. & CIA, INC.
TERESA ALONSO-RUIZ
RAMON A. RUIZ
MARIA SOLEDAD RUIZ
and JUAN CARLOS RUIZ

Defendants

**OPINION AND ORDER**

Before the court is a Motion of Reconsideration (**docket entry 15**) filed April 28, 2009 by Luis García Pagán, Esq., as "Attorney for Alonso Ruiz Family" requesting that the court reconsider its judgment of February 25, 2009 (docket entry 13) adjudicating the remaining forty per cent (40%) of the benefits derived from the insurance policy in question to Teresa Alonso Ruiz as Beneficiary Wife. It is counsel's contention that he "presented personally in the Secretary of this Court on January 27th, 2009 ANSWER TO COMPLAINT, copy of which is attached and marked as Exhibit II."[1] The attorney goes on to state that he has not received any communication in relation to the answer. Interpleader plaintiff Reassure America Life Insurance Company (Reassure) filed a response to the motion on May 5, 2009 (docket entry 17).

We initially note that the "copy" of the answer to the complaint that counsel submits with this motion is, in fact, the original document, with the signature in blue ink, as opposed

---

[1]Counsel has also needlessly included as exhibits, the interpleader complaint, the civil cover sheet, the category sheet, plaintiff 's counsel's current address notice, the Notice of Electronic Filing of the complaint, all of which are obviously in the record.

CIVIL 08-2350CCC                              2

to a photocopied signature.[2]  The docket reflects that, although the attorney did, indeed, stamp the motion, he did not drop it in the box in the Clerk's Office for filing.[3]  Therefore, because García Pagán had not filed any document or otherwise appeared on his clients' behalf prior to entry of the judgment, it was not notified to him.

        Counsel first appeared in this case on March 5, 2009, when he improperly filed a paper copy of a Motion, (docket entry 14)[4], in which he requested information on the status of the case.  Attorneys admitted to this court are required to file their documents through the CM/ECF electronic system.  The Court's Standing Order No. 1, entered on November 24, 2004, which can be found on this Court's website, provides as follows:

> All petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System shall be electronically filed, except where expressly provided or in exceptional circumstances preventing electronic filing.

(Our emphasis.)

There are no exceptional circumstances that would apply to the answer that García Pagán failed to file, and the two motions he filed in hard copy.

        We initially note that contrary to what he represents in the motion for reconsideration, the interpleader complaint, at paragraph 10, states, in pertinent part:

_____

        [2] When counsel submitted  his Motion of March 9, 2009 (docket entry 14) by mail, he stapled both the original and the duplicate  together.  Consequently, they were filed as one document.  The original has a blue ink signature; the signature on the duplicate is a photocopy.

        [3]We note that a *pro se* answer filed by José M. Soler González, as President of Alonso Sobrino Hnos. & Cía. (docket entry 10) has the same filing stamp, to the minute, as the Alonso Ruiz family's original answer now filed as an exhibit.  It would appear that counsel meant to file both answers at the Clerk's Office, but Soler González' answer was the only document dropped in the filing box.

        [4]The March 5, 2009 was allowed, and entered on the docket as if García Pagán himself were the interested party. That is, the docket entry does not identify him as representing anyone.

CIVIL 08-2350CCC                              3

> Regarding the remaining 40%, . . . Teresa Alonso Ruiz, <u>through counsel</u>, wrote to plaintiff informing as follow:
> ....
> ....
>
> Therefore, having Alonso Sobrino Hnos. & Cía., Inc. no insurable or peculiarly (sic) interest in the policy, it is respectfully requested that the 40% share originally designed to Alonso Sobrino Hnos. & Cía. Inc. <u>be transferred to Mrs. Teresa Alonso-Ruiz</u>, Beneficiary-Wife of the late-insured.

(Our emphasis.)

It is thus clear that the only other claim made to the insurer for the remaining forty per cent (40%) of the proceeds of the policy, besides that made by Alonso Sobrino Hnos. & Cía., Inc., was made <u>by the attorney</u> on behalf of the widow.[5]  Additionally, the third paragraph of Reassure's Response to the Motion for Reconsideration (docket entry 17) notifies the Court that, "Ms. Teresa Alonso Ruiz called our office, spoke with attorney Arlene Pérez, and stated that <u>the motion to reconsider was filed without her consent</u>."  (Our emphasis.)

In any event, the court has reexamined that part of the Interpleader Complaint (docket entry 1) that quotes from the text of the insurance policy titled "Beneficiary Designation."  The deceased insurer Ruiz Ochoa wrote:  "Teresa Alonso Ruiz (Beneficiary Wife) 60%–If living, otherwise to Ramón A. Ruiz, María Soledad Ruiz, Juan Carlos Ruiz (children) in equal parts. 40% to Alonso Sobrino Hnos. (Employer Beneficiary) or to the survivor(s)."

The plain language of the text reflects that the only reference by the insured to his children as potential beneficiaries was regarding the sixty per cent (60%) designated to his wife Teresa Alonso Ruiz, in the event that she predeceased him.  The reference to the survivor(s) is in the forty per cent (40%) share designated to Alonso Sobrino Hnos., employer/beneficiary or to the survivor(s).  The "survivor(s)" is in reference to the

---

[5]We additionally note that answer filed by José M. Soler González as president of Alonso Sobrino Hnos. & Cía., after being oriented on the applicable law by García Pagán, was also filed at the behest of  Teresa Alonso Ruiz only, not all of the attorney's clients.

CIVIL 08-2350CCC                                            4

employer/beneficiary.  Since Alonso Sobrino Hnos., through its president, relinquished its

claim, the only designated beneficiary remaining is the widow, Teresa Alonso Ruiz.

        Accordingly, the Court reaffirms its previous declaration in the February 25, 2009

judgment that Teresa Alonso Ruiz is the beneficiary of the remaining forty per cent (40%) of

the benefits from her husband's insurance policy–that is, the $278,342.22 deposited with the

court.

        The Motion for Reconsideration (**docket entry 15**) is DENIED.  Reassure shall

notify the Court, within three days after notice of this Order, of the mailing address of Teresa

Alonso Ruiz, to whom the Clerk of Court shall notify a copy of this order, that she may

petition the Court for disbursement of the funds being held for her.

        SO ORDERED.

        At San Juan, Puerto Rico, on May 13, 2009.


                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge